

FILED

2013 JUL 18 P 3: 16

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NO. THE DISTRICT OF CALIFORNIA



1  KURT A. KAPPES - SBN 146384
   MICHAEL D. LANE – SBN 239517
2  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
3  Sacramento, CA  95814-3938
   Telephone: (916) 442-1111
4  Facsimile: (916) 448-1709
   kappesk@gtlaw.com
5  lanemd@gtlaw.com

6  Attorneys for Defendants,
   E-TRADE BROKERAGE SERVICES, INC.,
7  E-TRADE FINANCIAL CORPORATION, INC. and
   E-TRADE FINANCIAL CORPORATE SERVICES, INC.

8

9                                                          **JSC**

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  MICHAEL DIVINCENT, an individual,       )  CASE NO.  **CV 13 3360**

14          Plaintiff,                        )  NOTICE OF REMOVAL
                                              )
15  v.                                        )
                                              )
16  ROBERT DIVINCENT, an individual; DEAN     )
    DIVINCENT, an individual; DAVID P.        )
17  GARDNER, an individual; E-TRADE           )
    BROKERAGE SERVICES, INC., E-TRADE         )
18  FINANCIAL CORPORATION, INC. E-            )
    TRADE FINANCIAL CORPORATE                 )
19  SERVICES, INC.; and DOES 1-100, inclusive,)
                                              )
20          Defendants.                       )
                                              )
21

22

23

24

25

26

27

28

SAC 442373761v3

FILED BY FAX

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2       **PLEASE TAKE NOTICE** that Defendants E-TRADE BROKERAGE SERVICES, INC., E-

3   TRADE FINANCIAL CORPORATION, INC., and E-TRADE FINANCIAL CORPORATE SERVICES,

4   INC., (collectively, "E-Trade Defendants") hereby remove the above-entitled action from the Superior

5   Court of the State of California, County of Contra Costa, to the United States District Court for the

6   Northern District of California pursuant to 28 U.S.C. §§1331, 1337, 1441, and 1446 and 15 U.S.C.

7   §78aa. Removal is proper for the following reasons:

8                      **TIMELINESS AND NOTICE OF REMOVAL**

9       1.      On April 18, 2013, a civil action was commenced in the Superior Court of the State of

10   California, in the Contra Costa County, entitled *Michael DiVincent vs. Robert DiVincent, et al.,* Case No.

11   C13-00844 ("the State Court Action").

12       2.      Plaintiff served the E-Trade Defendants on June 18, 2013. The summons, Complaint,

13   Civil Case Cover Sheet, Alternative Dispute Resolution Information, Notice of Case Management

14   Conference and Notice to Defendant in Unlimited Jurisdiction Civil Actions are attached as **Exhibit A.**

15   Thus, the E-Trade Defendants are informed and believe that the documents attached to this Notice as

16   Exhibit A constitute the documents that have been served on it.

17       3.      Under 28 U.S.C. §1446(b), the notice of removal shall be filed within thirty (30) days after

18   the receipt by the defendant of the initial pleading. Because the Complaint in this matter was served on

19   June 18, 2013, the last day of the thirty (30) day period has not run. Removal is therefore timely under 28

20   U.S.C. §1446(b).

21       4.      With respect to the E-Trade Defendants, the Plaintiff alleges (1) Breach of Contract; (2)

22   Breach of Implied Covenant of Good Faith and Fair Dealing; (3) Breach of Fiduciary Duty/Constructive

23   Trust; (4) Fraud and Concealment; (5) Negligent Misrepresentation; (6) Unfair Business Practices under

24   California Business and Professions Code §17200 *et seq.*; (7) an Accounting; (8) Restitution/Unjust

25   Enrichment; and (9) Conspiracy (collectively, the "E-Trade Claims for Relief"). As discussed more

26   fully below, the E-Trade Claims for Relief amount to an express attack on the E-Trade Defendants'

27   alleged policies and procedures with respect to contractual, confidentiality and notification obligations

28   imposed by the Securities and Exchange Commission (the "SEC"), the Financial Industry Regulatory

1  Authority ("FINRA"), the National Association of Securities Dealers ("NASD"), and unidentified
2  state law regulations. *See, e.g.,* Complaint at ¶62-66.

3      5.    Conversely, the claims for relief asserted against defendants Robert DiVincent, Dean
4  DiVincent and David P. Gardner (collectively, the "Individual Defendants") do not arise out of federal
5  law, and instead comprise state law conversion and theft claims that are separate and independent from
6  the claims asserted against the E-Trade Defendants. *See, e.g., Hill v. City of Boston,* 706 F.Supp. 966,
7  968 (D.Mass.1989); *Costantini v. Guardian Life Ins. Co.,* 859 F.Supp. 89, 90 (S.D.N.Y. 1994);
8  *Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d 74 (D.Conn. 1998); *Super Stop #701 v. BP Prod. N. Am.,*
9  *Inc.*, 2008 WL 4861532 (S.D.Fla. Nov. 10, 2008). Accordingly, the Individual Defendants need not
10  consent to this Notice. *Id.*

11      6.    Concurrent with the filing of this Notice, the E-Trade Defendants is serving this Notice on
12  Plaintiff and the Individual Defendants, and filing a copy of the Notice with the Clerk of the Superior
13  Court of California for the County of Contra Costa.

14                           **VENUE AND JURISDICTION**

15      7.    The United States District Court for the District of Northern California embraces the
16  county in which the State Court Action is now pending. Venue is therefore proper for this Notice of
17  Removal under 28 U.S.C. §§110 and 1446(a).

18      8.    While Plaintiff purports to assert only California state law claims against the E-Trade
19  Defendants, Plaintiff's E-Trade Claims for Relief arise under the federal securities laws and thus, the
20  Compliant is removable under 28 U.S.C. §§1331, 1337 and 1441, and 15 U.S.C. §78aa. In fact,
21  Plaintiff fails to identify even a single California state securities law that the E-Trade Defendants
22  allegedly violated. Instead, Plaintiff expressly alleges that the E-Trade Defendants' client policies,
23  contracts, and activities violate the confidentiality and notification requirements imposed by the SEC,
24  FINRA, and the NASD, including but not limited to alleged violations of 17 C.F.R. 248.1 *et seq.*
25  ("Regulation S-P"). *See, e.g.,* Complaint at ¶62-66. Consequently, the E-Trade Claims for Relief are
26  necessarily federal, and a determination of the E-Trade Defendants' rights to relief requires resolution
27  of substantial, disputed federal questions. Original federal jurisdiction over this proceeding exists under
28  28 U.S.C. §1331, because Plaintiff's E-Trade Claims for Relief arise under the laws of the United States,

1    and under 28 U.S.C. §1337, because the claims arise under the Securities Exchange Act of 1934 (the

2    "Exchange Act"), an Act of Congress regulating commerce.

3    **This Court Has Original Jurisdiction Under Section 28 U.S.C. §1331 Because The E-Trade Claims**

4    **for Relief In The State Court Action Are Based On Violations Of Federal Law**

5       9.     Federal-question jurisdiction will lie over state-law claims that implicate significant

6    federal issues. *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005);

7    *D'Allessio v. N.Y. Stock Exchange, Inc.*, 258 F.3d 93, 103-104 (2d Cir. 2001). Plaintiff here is

8    seeking relief premised on the violation of a comprehensive scheme of federal statutes and

9    regulations governing confidentiality and notifications of claims by creditors and other third parties

10    seeking satisfaction of judgments. Specifically, it would be impossible to adjudicate the E-Trade

11    Claims for Relief without considering whether the E-Trade Defendants' actions were consistent with

12    "Securities and Exchange Commission Regulation S-P (17 C.F.R. Part 248)," FINRA regulations and

13    requirements, and NASD regulations and requirements. (*See, e.g.,* Complaint at ¶62-66. ("E-

14    TRADE provided notice to Plaintiff that under Securities and Exchange Commission Regulation S-P

15    (17 C.F.R. Part 248), his financial information ... would not be disclosed to third parties without

16    prior written notification and/or consent of Plaintiff. E-TRADE breached their duties as fiduciaries

17    under SEC, FINRA regulations and California law in force and effect").) Accordingly, the crux of

18    Plaintiff's E-Trade Claims for Relief, and the alleged unlawful act(s) underlying E-Trade Claims for

19    Relief, is that the E-Trade Defendants client policies, procedures, and activities violated the federal

20    regulatory scheme concerning brokerage clients' confidentiality and notification obligations.

21    Plaintiff's challenge to that federal system therefore presents a substantial federal question, which

22    will turn on the interpretation of the federal securities rules and regulations.

23    **Plaintiff Cannot Destroy Federal Question Jurisdiction By Artfully Pleading Around Plaintiff's**

24    **Federal Securities Claims**

25       10.     Federal jurisdiction exists despite Plaintiff's efforts to plead otherwise. As the

26    Supreme Court explained, "a plaintiff may not defeat removal by omitting to plead necessary federal

27    questions. If a court concludes that a plaintiff has artfully pleaded claims in this fashion, it may

28    uphold removal even though no federal question appears on the face of the plaintiff's complaint."

1  *Rivet v. Regions Bank of Lousiana*, 522 U.S. 470, 475 (1998) (citations and internal quotation marks
2  omitted); *see also Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.7 (11th Cir. 2000) ("Removal
3  will be held proper when the plaintiff has concealed legitimate ground of removal by ... artful
4  pleading.") In assessing federal jurisdiction, the court "looks to the substance of the complaint, not
5  the labels in it." *In re Ben Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). Here, the "substance" of
6  Plaintiff's allegations against the E-Trade Defendants is that the E-Trade Defendants harmed
7  Plaintiff by failing to comply with the federal regulations governing brokerage clients'
8  confidentiality and notification requirements, which necessarily makes this a federal case. *See*
9  *Hawkins v. NASD Inc.*, 149 F.3d 330, 332 (5th Cir. 1998) (finding jurisdiction despite plaintiff
10  having "carefully articulated in terms of state law" his claims, since they were claims "to enforce
11  liabilities or duties created by federal securities laws"). While Plaintiff attempts to state the E-Trade
12  Claims for Relief as violations of California law, the alleged wrongdoing is undeniably federal in
13  nature. *See Merrill, Lynch, Pierce, Fenner & Smith, Incorporated v. Dabit*, 547 U.S. 71, 78 (2006)
14  ("The magnitude of the federal interest in protecting the integrity and efficient operation of the
15  market for nationally traded securities cannot be overstated.").

16      11.    For example, Plaintiff alleges that the E-Trade Defendants did not provide notice of
17  creditor claims and otherwise failed to protect Plaintiff's privacy in accordance with Federal
18  regulations. (*See, e.g.,* Complaint at p.9 ("E-TRADE "fail[ed] to provide notice of the illegal
19  execution of Plaintiff's stock"), p.10 ("E-TRADE breached their duties as fiduciaries under SEC,
20  FINRA regulations and California law in force and effect by ... failing to provide written and timely
21  notice to Plaintiff"), p.12 ("E-TRADE represented to Plaintiff that it was required under California
22  and Federal law to protect the confidentiality of Plaintiff's financial investments including the Apple
23  stock and to notify Plaintiff of all attempts to execute on any alleged judgments ... the
24  representations and concealments by E-TRADE alleged in the foregoing paragraph were false in that
25  E-TRADE had no intention of providing notice to Plaintiff"), p.14 (E-TRADE violated Business and
26  Professions Code §17200 by "failing to provide notice to Plaintiff" [and] "E-Trade held itself out to
27  Plaintiff as a trustee who would protect his interests in Plaintiff's Account and in compliance with all
28  applicable federal and state regulations and statutes"). Further, Plaintiff's failure to allege even a

single California securities statute or regulation at issue, while expressly identifying Regulation S-P, effectively concedes that the E-Trade Defendants' notice and privacy requirements are governed by Federal regulations such as Securities and Exchange Commission Regulation S-P. *See* Complaint, ¶62.

## CONCLUSION AND PRAYER

WHEREFORE, all of the requirements and/or prerequisites of 28 U.S.C. §§1331, 1337, 1441(a), and 1446 have been satisfied, Notice is hereby given that this action is removed from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California.

DATED: July 18, 2013                              GREENBERG TRAURIG, LLP

By _____
KURT A. KAPPES
MICHAEL D. LANE
E-TRADE BROKERAGE SERVICES, INC.,
E-TRADE FINANCIAL CORPORATION, INC. and
E-TRADE FINANCIAL CORPORATE SERVICES, INC.

SAC 442373761v3

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FILED

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2013 APR 18 A 1: 36

K. TORRE, CLERK OF THE SUPERIOR COURT
COURT OF CONTRA COSTA, CALIF.

BY_____
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROBERT DIVINCENT, an individual; DEAN DIVINCENT, an individual; DAVID P. GARDNER, an individual; E-TRADE BROKERAGE SERVICES, INC., E-TRADE FINANCIAL CORPORATION, INC., E-TRADE FINANCIAL CORPORATE SERVICES, INC. ; and DOES 1-100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL DIVINCENT, an individual;

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA<br>725 Court Street, Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>C 13-00844 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James G. Schwartz, Bar #069371; Joshua D. Brysk, Bar #184200; Stephen L. Moses, Bar #196030
The Law Offices of James G. Schwartz, P.C.
7901 Stoneridge Drive, Suite 401, Pleasanton, CA 94588

Phone No.: (925) 463-1073
Fax No.: (925) 463-2937

DATE: APR 18 2013
*(Fecha)*

Clerk, by B. WEBER , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* E-Trade Brokerage Services, Inc.

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

1  James G. Schwartz, Esq. (SBN 069371)
   Joshua D. Brysk, Esq. (SBN 184200)
2  Stephen L. Moses, Esq. (SBN 196030)
   LAW OFFICE OF JAMES G. SCHWARTZ, P.C.
3  7901 Stoneridge Drive, Suite 401
   Pleasanton, CA 94588
4  Phone: (925) 463-1073
   Facsimile: (925) 463-2937
5

6  Attorneys for Plaintiff
   MICHAEL DIVINCENT
7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF CONTRA COSTA

10               UNLIMITED CIVIL JURISDICTION                    By Fax

11 | MICHAEL DIVINCENT, an individual; | CASE NO. **C 13-00844** |
| --- | --- |
12 | Plaintiff, | **COMPLAINT FOR DAMAGES ABUSE OF PROCESS, CONVERSION, UNFAIR** |
13 | v. | **BUSINESS PRACTICES, CONSTRUCTIVE TRUST, EQUITIBLE** |
14 | ROBERT DIVINCENT, an individual; DEAN | **REDEMPTION/DECLARATORY RELIEF, FRAUD AND CONCEALMENT,** |
15 | DIVINCENT, an individual; DAVID P. GARDNER, an individual; E-TRADE | **INTENTIONAL & NEGLIGENT INTERFERENCE WITH PROSPECTIVE** |
16 | BROKERAGE SERVICES, INC., E-TRADE FINANCIAL CORPORATION, INC., E- | **ECONOMIC ADVANTAGE, BREACH OF CONTRACT, BREACH OF IMPLIED** |
17 | TRADE FINANCIAL CORPORATE SERVICES, INC. ; and DOES 1-100, inclusive; | **COVENANT OF GOOD FAITH AND FAIR DEALING, BREACH OF FIDUCIARY** |
18 | | **DUTY/CONSTRUCTIVE TRUST, FRAUD** |
19 | Defendants. | **AND CONCEALMENT, NEGLIGENT MISREPRESENTATION, UNFAIR** |
20 | | **BUSINESS PRACTICES, PROFESSIONAL NEGLIGENCE, ACCOUNTING,** |
21 | | **RESTITUTION, AND CONSPIRACY** |

22     COMES NOW, Plaintiff, MICHAEL DIVINCENT (hereinafter "Plaintiff"), to complain

23 against Defendants, ROBERT DIVINCENT, DEAN DIVINCENT (DiVincent Defendants),

24 DAVID P. GARDNER ("Gardner"), E-TRADE BROKERAGE SERVICES, INC., E-TRADE

25 FINANCIAL CORPORATION, INC., and E-TRADE FINANCIAL CORPORATE SERVICES,

26 INC. (collectively "E-TRADE" or "DEFENDANT E-TRADE"), and DOES 1-100 (collectively

27 "Defendants," unless otherwise specified), as follows:

28                    **JURISDICTION AND PARTIES**

COMPLAINT                                                          1.

1.   Plaintiff is and was at all relevant times herein a resident of the State of California, County of Contra Costa in the City of Discovery Bay and was the Defendant in a New Jersey civil case where a Judgment was entered by default.

2.   DiVincent Defendants were at all relevant times herein a resident of the State of New Jersey and entered California to enforce a judgment they obtained by default against Plaintiff in the state Superior Court for the State of New Jersey (the "New Jersey Judgment").

3.   Defendant Gardner was at all relevant times herein a resident of the State of California and was hired by DiVincent Defendants to enforce their New Jersey Judgment.

4.   Plaintiff is informed and believes and thereon alleges that Defendants E-TRADE Brokerage Services, Inc., E-TRADE Financial Corporation, and E-TRADE FINANCIAL Corporate Services, Inc. are corporations. The various ETRADE Defendants are referred to collectively as "E-Trade" or "Defendant E-Trade."

5.   As alleged more particularly herein, Defendant E-TRADE conducted business in the above-captioned County including, but not limited to, transactions with the Plaintiff.

6.   The names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues these defendants by their fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as a fictitiously named defendant is, in some manner, responsible for the events and happenings alleged and caused or contributed to the harm done to Plaintiff as hereinafter set forth in each cause of action, or has possession of the property that is the subject of this Complaint. Plaintiff will seek the court's leave to amend this Complaint to allege such true names and capacities of the fictitiously named defendants when they have been ascertained.

7.   Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned all Defendants were, and are, the agents, servants and employees of all the other Defendants, and were acting within the scope of this agency or employment in doing the things herein alleged, and any reference hereinafter to "Defendant or Defendants" is intended by Plaintiff to refer to "Defendants, and each of them".

## GENERAL ALLEGATIONS

8.   On or about November 3, 2009, DiVincent Defendants, obtained an Order of the Contra Costa County Superior Court, Case Number MSN09-1271, granting their application for entry of a sister state judgment against Plaintiff and the company he operated Web On Demand

1  Systems, Inc (Web), which no longer does business, for $189,193.92 (hereinafter the "California

2  Judgment," unless otherwise specified).

3          9.       The New Jersey Judgment arose from proceedings in the Superior Court for the State

4  of New Jersey, Morris County, Docket No. L-226-08, in which a judgment was entered by default

5  against Plaintiff and Web on or about February 27, 2009. On or about June 14, 2012, Plaintiff filed

6  a Notice of Appeal to the New Jersey Superior Court.

7          10.      Following the entry of the California Judgment, DiVincent Defendants, by and

8  through Gardner, their counsel of record, contacted representatives of E-Trade, where Plaintiff

   maintains a stock account, including members of E-Trade's legal processing team.

9          11. As more particularly alleged herein, the actions of DiVincent Defendants, by and

10  through Gardner, their counsel of record, in contacting E-TRADE and demanding that E-TRADE

11  sell Plaintiff's stock in satisfaction of the California Judgment were improper self-help measures

12  carried out without resort to proper legal process.  In carrying out the actions alleged herein without

13  resort to proper legal process, Gardner acted as a debt collector and abandoned any pretense of

14  compliance with California law.

15          12. On various occasions from November, 2010 through November, 2011, DiVincent

16  Defendants, by and through Gardner, circumvented the requirements for proper sales of a debtor's

   stock in satisfaction of judgments under California law by improperly pursuing self-help remedies.

17  These self-help remedies included, but were not limited to, fraudulently representing to E-TRADE

18  that "they" controlled Plaintiff's stock, demanding that E-TRADE sell Plaintiff's stock without

19  proper service on Plaintiff and failing to obtain court orders for the sale of Plaintiff's stock.

20          13.      At various times from November, 2010 through November, 2011, Plaintiff is

21  informed and believes and on that basis alleges that Gardner, with the full knowledge and approval

22  of DiVincent Defendants, made materially false representations to E-TRADE with respect to

23  Plaintiff's account, such as:

24          (a) that DiVincent Defendants controlled Plaintiff's account as a result of the Order obtained

25  from the Contra Costa County Superior Court and, therefore, DiVincent Defendants and Gardner as

   their counsel could and were directing E-TRADE to sell Plaintiff's stock in order to satisfy the

26  judgment entered against him, and that the proceeds of such sale were to be sent to Gardner;

27          (b) that it was unnecessary for the DiVincent Defendants and Gardner to obtain and serve a

28  levy on the County Sheriff in the county in which the levy would be exercised;

COMPLAINT                                                                                           3.

1    (c) that it was unnecessary for the Superior Court of any Counties to issue a court order

2  permitting the sale of any stock owned by Plaintiff;

3    (d) that it was unnecessary for E-TRADE to provide written notice of (i) the sale of

4  Plaintiff's stock; and (ii) payment of the proceeds of Plaintiff's stock to Gardner; and,

5    (e) that, in any event, DiVincent Defendants, through their counsel of record, Gardner, had

obtained a "release" of levies made on the Sheriff for the County of Santa Clara and Sacramento

6  Counties and, therefore, it was proper to sell Plaintiff's stock and make the proceeds payable to

7  Gardner.

8    14.    In truth, Gardner's representations were false and were known by him and DiVincent

9  Defendants to be false at the time they were made. The truth of the matter was that DiVincent

10  Defendants were not entitled to any satisfaction of the Judgment through Writ of Execution against

11  Plaintiff's E-TRADE account, because the CEO of E-TRADE is located in New York State

12  therefore making a writ of execution unavailable under California law. Furthermore, DiVincent

13  Defendants, by and through Gardner, could not seek satisfaction of the Judgment without proper

14  compliance with the legal processes required under California law, including, but not limited to,

15  notice to Plaintiff, a proper levy on the Sheriff(s) of each county served with a Writ of Execution

and an order from the court approving the sale of Plaintiff's stock. Finally, DiVincent Defendants,

16  by and through Gardner, failed to obtain any proper levy and failed to comply with the mandatory

17  statutory procedures for satisfaction of judgments.

18    15.    In or about November 2010 and on various occasions through November 2011, in

19  response to Defendants' request, by and through Gardner, E-TRADE sold Plaintiff's stock held in

20  Plaintiff's E-TRADE account on multiple occasions as requested by Gardner, and paid the proceeds

21  of the sale directly to Gardner.

22    16.    On various occasions between November, 2010 and November, 2011, Gardner

23  thereafter received the proceeds of the sale of Plaintiff's stock by E-TRADE and deposited those

24  proceeds in his bank account.

25    17.    In or around August 2011, Plaintiff learned of the improper payments to DiVincent

Defendants and Gardner made by E-TRADE through the sale of his stock and, in response to such

26  knowledge, sent written notice to E-TRADE stating that the payments were improperly made

27  without notice to him and without any compliance with the mandatory requirements of California's

28  law regarding satisfaction of judgments. Plaintiff demanded that E-TRADE make proper restitution

COMPLAINT                                                                                                  4.

1   to him of the amounts that were wrongfully paid by E-TRADE to Defendants, but E-TRADE

2   refused, and continues to refuse, compliance with Plaintiff's demand.

3   **CAUSES OF ACTION**

4   **FIRST CAUSE OF ACTION**
**ABUSE OF PROCESS**

5   **(Against DiVincent Defendants and Gardner only)**

6       18     Plaintiff realleges and incorporates paragraphs 1-17 as fully set forth herein.

7       19.    DiVincent Defendants and Gardner willfully, fraudulently and maliciously used the

8   legal process for an improper purpose and in a manner for which it was not designed with the

9   intention of depriving Plaintiff of his property.

10      20.    As a direct and proximate result of Defendants' abuse of process, Plaintiff has been

11  harmed in an amount to be proven at trial.

12      21.   In doing the acts and omissions, as more fully alleged above, Defendants and each of

    them acted with fraud, oppression, and malice, thus entitling Plaintiff to an award of punitive

13  damages in accordance with proof at trial.

14      WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

15  **SECOND CAUSE OF ACTION**
**CONVERSION**

16  **(Against DiVincent Defendants and Gardner Only)**

17      22.    Plaintiff realleges and incorporates paragraphs 1-21 as fully set forth herein.

18      23.    At all times herein mentioned, Plaintiff was the rightful owner and entitled to

19  possession of the stock in his E-TRADE account as more fully alleged above.

20      24.    DiVincent Defendants and Gardner have willfully interfered with the right of

21  Plaintiff to possession of the stock in his E-TRADE account and engaged in the following acts

22  including, but not limited to, Gardner wrongfully converted and disposed of Plaintiff's property

23  rights in and to the stock held in his E-TRADE account through false claims of color of authority

24  from the court.

25      25.  As a legal result of the foregoing, Plaintiff has been damaged in an amount equal to the

26  value of the converted property plus interest and incidental expenses incurred in trying to recover

27  the property, including, but not limited to attorneys fees and legal costs.

28

COMPLAINT                                                                                    5.

1  26. The acts of DiVincent Defendants and Gardner, as alleged above, were willful, wanton,

2  malicious and oppressive and were undertaken with the intent to defraud, and justify the awarding

3  of exemplary and punitive damages as proven at trial.

4  WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

5  **THIRD CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**VIOLATION OF BUSINESS & PROFESSIONS CODE §17200 ET. SEQ.**
6  **(Against Defendant Gardner Only)**

7  27. Plaintiff realleges and incorporates paragraphs 1-26 as though fully set forth herein.

8  28. Gardner committed an unlawful, unfair and fraudulent business act, when he

9  willfully, fraudulently and maliciously represented to E-TRADE that he had the right to levy against

10  Plaintiff's E-TRADE account and that, therefore, E-TRADE should sell Plaintiff's stock held in that

11  account and remit the proceeds of sale to Gardner.

12  29. As a direct and proximate result of Gardner's unlawful, unfair and fraudulent

13  business act, Plaintiff has been harmed in an amount to be proven at trial.

14  WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

15  **FOURTH CAUSE OF ACTION**
**CONSTRUCTIVE TRUST**
**(Against DiVincent Defendants and Gardner)**
16

17  30. Plaintiff realleges and incorporates paragraphs 1-29 as though fully set forth herein.

18  31. DiVincent Defendants and Gardner took possession of personal property rightfully

19  owned and possessed by Plaintiff without permission or right to do so; specifically, Plaintiff's stock

20  as alleged above. Accordingly, DiVincent Defendants' and Gardner's possession of all proceeds of

sale from Plaintiff's stock account was wrongful.

21  32. Any and all proceeds of sale from the sale of Plaintiff's stock from his stock account

22  are held by Defendants, and each of them, in trust, for Plaintiff until such time that the sum total of

23  those proceeds in Defendants' possession are returned to Plaintiff.

24  **FIFTH CAUSE OF ACTION**
**EQUITABLE REDEMPTION/DECLARATORY RELIEF**
25  **(Against DiVincent Defendants and Gardner)**

26  33. Plaintiff realleges and incorporates paragraphs 1-32 as though fully set forth herein.

27  34. A dispute has arisen and a controversy exists between Plaintiff and DiVincent

28  Defendants and Gardner. Plaintiff alleges that the sales of his stock from November, 2010 through

1  November 2011 and the subsequent payment of the proceeds from those sales to Gardner were

2  illegal, fraudulent and improper "self-help" measures in violation of California law. Plaintiff is

3  informed and believes and thereon alleges that DiVincent Defendants and Gardner dispute

4  Plaintiff's allegations.

5       35.   Accordingly, Plaintiff is entitled to an order of this Court declaring Plaintiff's rights in

6  and to the proceeds of sales of this stock, setting aside all illegal and fraudulent sales of his stock,

7  adjudging these sales null and void and ordering DiVincent Defendants and Gardner to pay Plaintiff

8  with the amounts received from these illegal and fraudulent sales of Plaintiff's stock, the profit that

9  Plaintiff would have received but for the illegal self-help remedies and interest in accordance with

   proof.

10       WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

11  **SIXTH CAUSE OF ACTION**<br>**FRAUD AND CONCEALMENT**

12  **(Against DiVincent Defendants and Gardner)**

13       36.   Plaintiff realleges and incorporates paragraphs 1-35 as though fully set forth herein.

14       37.   As more particularly alleged above, DiVincent Defendants and Gardner made false

15  misrepresentations to E-TRADE regarding their right to demand the sale of Plaintiff's stock and

16  receive the proceeds from those sales. The true facts were as alleged in Paragraph 14 above.

17       38.   In addition, DiVincent Defendants and Gardner concealed the misrepresentations

18  made to E-Trade, as alleged above. The foregoing acts of concealment by DiVincent Defendants

19  and Gardner were performed with the intention of preventing Plaintiff from taking action to remedy

20  the improper actions of DiVincent Defendants and Gardner including, but not limited to, Plaintiff's

21  rightful possession to his stock and pursuing his judicial remedies to stop the improper, fraudulent

22  and illegal sales of his stock and payments of the proceeds from such sales to Gardner, as alleged

   above. In fact, Plaintiff was prevented by the concealments from taking any such remedial action.

23       39.   As a legal result of the foregoing, Plaintiff has been damaged in an amount equal to

24  the value of the converted property plus interest and incidental expenses incurred in trying to

25  recover the property, including, but not limited to attorneys fees and legal costs.

26       40.   The acts of DiVincent Defendants and Gardner, as alleged above, were willful,

27  wanton, malicious and oppressive and were undertaken with the intent to defraud and with disregard

28  of Plaintiff's rights, and justify the awarding of exemplary and punitive damages as proven at trial.

1   WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

2   **SEVENTH CAUSE OF ACTION**
**INTENTIONAL INTERFERENCE WITH**
3   **PROSPECTIVE ECONOMIC ADVANTAGE**
**(Against DiVincent Defendants and Gardner)**
4

5   41.   Plaintiff realleges and incorporates paragraphs 1-40 as though fully set forth herein.

42.   At all times alleged herein, DiVincent Defendants and Gardner were aware that
6
Plaintiff and E-TRADE were in an economic relationship in which E-TRADE held Plaintiff's stock
7
for investment and other purposes. DiVincent Defendants and Gardner were further aware that
8
Plaintiff's and E-Trade's economic relationship was likely to increase the value of Plaintiff's stock
9
held with Apple.

10   43.   That through the improper, fraudulent and illegal acts alleged above, DiVincent

11   Defendants and Gardner intended to disrupt the economic relationship between Plaintiff and E-

12   TRADE alleged above, with the knowledge that such actions would deprive Plaintiff of possession

13   of his stock and resulting increases in the value of such stock.

44.   As alleged herein, Plaintiff was damaged in an amount to be shown at trial.
14
45.   The acts of DiVincent Defendants and Gardner, as alleged above, were willful,
15
wanton, malicious and oppressive and were undertaken with the intent to defraud and with disregard
16
to Plaintiff's rights, and justify the awarding of exemplary and punitive damages as proven at trial.
17
WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.
18
**EIGHTH CAUSE OF ACTION**
19   **NEGLIGENT INTERFERENCE WITH**
**PROPSECTIVE ECONOMIC ADVANTAGE**
20   **(Against DiVincent Defendants and Gardner)**

21   46.   Plaintiff realleges and incorporates paragraphs 1-45 as though fully set forth herein.

22   47.   At all times relevant herein, DiVincent Defendants and Gardner knew that Plaintiff

23   and E-TRADE were in an economic relationship likely to result in future economic benefits to

24   Plaintiff.

48.   As alleged herein, DiVincent Defendants and Gardner knew or should have known
25
that this relationship would be disrupted if they failed to act with due care.
26
49.   In carrying out the actions alleged herein, DiVincent Defendants and Gardner failed
27
to act with reasonable care and engaged in wrongful conduct by improperly demanding the sale of
28
Plaintiff's stock and by receiving the proceeds therefrom.

COMPLAINT                                                                                          8.

50. As alleged herein, Plaintiff was damaged in an amount to be shown at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against Defendant E-TRADE only)**

51. Plaintiff realleges and incorporates paragraphs 1-50 as though fully set forth herein.

52. On or around the time that Plaintiff opened a trading account with E-Trade, Plaintiff entered into a written agreement ("Agreement") with E-Trade in which E-TRADE agreed to handle and manage Plaintiff's stock trading account. As a term and condition of the Agreement, E-TRADE agreed to refrain from any carrying out any actions in handling Plaintiff's stock without his written consent.

53. E-TRADE breached the Agreement by engaging in the acts and omissions alleged above including, but not limited to, failing to provide notice of the illegal execution of Plaintiff's stock and by selling Plaintiff's stock and providing the proceeds therefrom to Gardner in direct contravention of California law.

54. Plaintiff has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Agreement, except those excused or waived, if any, by E-Trade.

55. As a legal result of the breaches of contract alleged hereinabove, Plaintiff has been damaged and may be further damaged, all in an amount to be proved at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**TENTH CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**(Against Defendant E-TRADE Only)**

56. Plaintiff realleges and incorporates paragraphs 1-55 as though fully set forth herein.

57. Under California law, there exists an implied covenant of good faith and fair dealing in all contract relationships that requires that neither party to a contract will do anything to deprive the others of the benefits of that contract.

58.     By their acts and omissions as alleged hereinabove, E-TRADE breached the implied covenant of good faith and fair dealing, which existed between them and Plaintiff under the agreement alleged above.

59.     As a result of E-Trade's breach of the implied covenant of good faith and fair dealing existing between them and the Plaintiff, the Plaintiff has been have been damaged in an amount to be proved at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY/CONSTRUCTIVE TRUST
### (Against Defendant E-TRADE Only)

60.     Plaintiff realleges and incorporates paragraphs 1-59 as though fully set forth herein.

61.     At all times herein relevant, Plaintiff and E-TRADE were engaged in a fiduciary relationship. Plaintiff relied on the promises, representations and assurances of E-TRADE that it could be trusted and relied upon to fulfill the duties of a trustee in the management, trading, handling and investment of his stock plan account ("account"). Accordingly, Plaintiff sent his stock certificates with Apple to E-Trade, in Stock Account Number ****-595 (the "Account").

62.     At all times herein mentioned, E-TRADE provided notice to Plaintiff that under Security and Exchange Commission Regulation S-P (17 C.F.R. Part 248) his financial information including, but not limited to, ownership, possession and control of stock under the stock purchase plan, and all transactions involving his stock would not be disclosed to third parties without prior written notification and/or consent of Plaintiff.

63.     In direct reliance on the promises, assurances and representations of E-Trade, Plaintiff entered into a written agreement with E-TRADE providing that E-TRADE would manage, supervise and monitor various Plaintiffs' stock.

64.     At all relevant times herein mentioned, E-TRADE were securities brokerage subject to all state and federal regulations and the requirements imposed by the Financial Industry Regulatory Authority (FINRA) and the National Association of Securities Dealers (NASD).

---

COMPLAINT                                                                                      10.

65.   The FINRA and NASD regulations mentioned above that were applicable to E-TRADE at all times herein mentioned included, but were not limited to, protecting the privacy of Plaintiff's financial holdings with E-Trade, proper training of E-Trade's employees in maintaining the privacy of Plaintiff's financial holdings, and providing written notification to Plaintiff about all claims by creditors and other third parties seeking satisfaction of judgments against Plaintiff through sales and execution on his stock as alleged above.

66.   At all times herein mentioned, E-TRADE breached their duties as fiduciaries under SEC, FINRA regulations and California law in force and effect by the acts alleged above including, but not limited to: (a) improperly selling Plaintiff's stock through the misrepresentations of the DiVincent Defendants and Gardner as alleged above; (b) improperly acquiescing in DiVincent Defendants' and Gardner's assurances that the proper court procedures were being followed when, in fact, execution on Plaintiff's stock was impermissible and null and void under California law; (c) failing to provide written and timely notice of Plaintiff of the demands and requests made by the DiVincent Defendants and Gardner; (d) selling stock and making a check for the proceeds of these sales to Gardner, counsel for the DiVincent Defendants, in direct contravention of California law; and (e) selling stock owned by Plaintiff in violation of applicable California law requiring prior writ, issuance of applicable levies and court orders obtained only after timely and prompt notice to Claimants.

67.   In acting as hereinabove described, E-TRADE breached its fiduciary duties of loyalty, due care and good faith owed to Plaintiff with which it was charged by virtue of its position.

68.   As a proximate result of the acts and omissions of E-Trade hereinabove described, Plaintiff has been damaged in an amount to be proved at trial.

69.     In doing the acts and omissions that breached their fiduciary duty, as more fully alleged above, E-TRADE acted with fraud, oppression, malice and without regard to Plaintiff's rights, thus entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
### FRAUD AND CONCEALMENT
### (Against Defendant E-TRADE Only)

70.     Plaintiff incorporates paragraphs 1 through 69 as though fully set forth herein.

71.     As alleged herein, E-TRADE was under a duty to disclose and provide notice regarding all attempts by the DiVincent Defendants and Gardner to seek satisfaction of the sister state judgment to Claimant. In addition, E-TRADE represented to Plaintiff that it was required under California and Federal law to protect the confidentiality of Plaintiff's financial investments including the Apple stock and to notify Plaintiff of all attempts to execute on any alleged judgments through execution or sales of his stock.

72.     As alleged above, E-TRADE was aware that the attempted execution of the Judgment by the DiVincent Defendants and Gardner was illegal self-help in violation of California law, but nevertheless, concealed the attempted execution and, in fact, illegally sold Plaintiff's stock and paid the proceeds to the attorney representing the DiVincent Defendants without prior notice to Plaintiff.

73.     Each of the representations and concealments by E-TRADE alleged in the foregoing paragraph were false in that E-TRADE had no intention of providing notice to Plaintiff of the DiVincent Defendants and Gardner purporting to satisfy the judgment through illegal self-help remedies, as alleged above.

74.     E-TRADE made the foregoing false statements intentionally and with the intent to deceive Plaintiff and induce his reliance thereon. The foregoing acts of concealment by E-TRADE were performed with the intent to prevent Plaintiff from taking action to remediate the improper

1    actions of E-TRADE and to stop the illegal execution and collection against Plaintiff's stock and

2    Plaintiff was prevented by the concealments from taking such remedial action.

3      75.  Plaintiff did not know the foregoing representations were false and he justifiably

4    relied upon them to his detriment. The foregoing misrepresentations concerned facts that were

5    material to Plaintiff's decision to enter into the Agreement as alleged above. If Plaintiff had known

6    that the representations were false, he would have taken actions to protect against E-Trade's fraud,

7    including but not limited to withdrawing his stock and terminating his account with E-TRADE and

8    
9    otherwise seeking Court intervention to stop any further attempts to execute the Judgment by the

10   DiVincent Defendants and Gardner.

11     76.  As a result of the misrepresentations and concealments of E-Trade, as alleged above,

12   Plaintiff has been damaged in an amount to be proven at trial.

13     77.  In doing the acts and omissions that breached their duty as more fully alleged above,

14   E-TRADE acted with fraud, oppression, malice and without regard for Plaintiff's rights thus

15   entitling Plaintiff to an award of punitive damages.

16     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

17   

**THIRTEENTH CAUSE OF ACTION**
18   **NEGLIGENT MISREPRESENTATION**
**(Against Defendant E-TRADE Only)**
19   

20     78.  Plaintiff incorporates paragraphs 1 through 77 as though fully set forth herein.

  79.  E-TRADE made the representations alleged above without reasonable grounds for
21   
22   believing them to be true, and Plaintiff relied on those same misrepresentations to his detriment.

23     80.  As a result of the misrepresentations and concealments of E-Trade, as alleged above,

24   Plaintiff has been damaged in an amount to be proven at trial.

25     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

26   

**FOURTEENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER B & P CODE §17200 ET. SEQ.**
27   **(Against Defendant E-Trade)**

28     81.  Plaintiff incorporates paragraphs 1 through 80 as though fully set forth herein.

82.     In engaging in the acts and omissions as alleged hereinabove, the Defendants and each of them have engaged in unlawful, unfair and/or fraudulent business acts and practices in violation of Business and Professions Code §17200 *et seq* (hereinafter "Section 17200"). E-TRADE violated Section 17200 by:

a.      failing to provide notice to Plaintiff and concealing the DiVincent Defendants' and Gardner's attempts to satisfy the Judgment by demanding that E-TRADE sell Plaintiff's stock and make the proceeds payable to Gardner without complying with the requirements of execution, levy and court order under California law;

b.      selling Plaintiff's stock and making the proceeds from these sales payable to the attorney representing DiVincent Defendants without complying with the requirements of execution, levy and court order under California law;

c.      failing to protect the interests of Plaintiff to his stock, as alleged above; and

d.      selling Plaintiff's stock upon demand of DiVincent Defendants and Gardner, even though the demand failed to comply with the requirements of execution, levy and court order under California law.

83.     The unlawful, unfair and/or fraudulent business acts and practices in which E-TRADE have engaged have damaged Plaintiff in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FIFTEENTH CAUSE OF ACTION
### PROFESSIONAL NEGLIGENCE
### (Against Defendant E-TRADE Only).

84.     Plaintiff incorporates paragraphs 1 through 83 as though fully set forth herein.

85.     At all relevant times herein, E-Trade held itself out to Plaintiff as a trustee who would protect his interests in Plaintiff's Account and in compliance with all applicable federal and state regulations and statutes. As such, E-TRADE owed a professional duty to Plaintiff to avoid conflicts of interest and not to protect Plaintiff's judgment creditors over the interest of Plaintiff. E-TRADE further owed a professional duty of skill, diligence and fidelity to Plaintiff.

86.     E-TRADE negligently failed to discharge its professional duties with reasonable care and skill, failed to meet the standard of care within their profession and negligently failed to comply with the applicable federal and state regulations and statutes through the acts and omissions alleged above

COMPLAINT                                                                                    14.

87.     As a proximate result of the foregoing breaches, Plaintiff has been damaged in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SIXTEENTH CAUSE OF ACTION
### FOR AN ACCOUNTING
### (Against Defendant E-TRADE Only)

88.     Plaintiff incorporates paragraphs 1 through 87 as though fully set forth herein.

89.     Under the terms of the Agreement with E-Trade, Plaintiff is entitled to full access to the records and documents of E-TRADE regarding the handling, investment and disposition of his stock.

90.     E-TRADE refused, and continues to refuse, Plaintiff's demand for inspection and copying of its records regarding the handling of his stock account, communications between E-TRADE and the DiVincent Defendants and Gardner and all documentation reflecting the sales of his stock and checks made payable to Gardner arising from the sales of this stock.  Therefore, an accounting is necessary.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### SEVENTEENTH CAUSE OF ACTION
### RESTITUTION/UNJUST ENRICHMENT
### (Against Defendant E-TRADE Only)

91.     Plaintiff incorporates paragraphs 1 through 90 as though fully set forth herein.

92.     As more fully alleged above, E-TRADE has received certain benefits through sales commissions and other payments on Plaintiff's accounts.

93.     E-TRADE received said benefits by fraud and/or mistake and under such circumstances that it would be inequitable for E-TRADE to retain the benefits without paying the value thereof.

94.     Plaintiff is entitled to be reimbursed by E-TRADE for such benefits and/or payments as they have received without providing adequate compensation and/or services therefor, according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### EIGHTEENTH CAUSE OF ACTION
### CONSPIRACY
### (Against All Defendants)

95.     Plaintiff incorporates paragraphs 1-94 as though fully set forth herein.

96.     In carrying out the acts alleged herein, Defendants and each of them, illegally, fraudulently and improperly conspired among themselves to cause the injury and damages to Plaintiff.

97.     As a result of the conspiracy of Defendants, and each of them, as alleged above, Plaintiff has been damaged in an amount to be proven at trial.

98.     In doing the acts and omissions that breached their duty as more fully alleged above, Defendants, and each of them, acted with fraud, oppression, malice and without regard for Plaintiff's rights, thereby justifying an award of punitive damages against them and in favor of the Plaintiff.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     For compensatory damages in an amount to be proven at trial;

2.     For restitution;

3.     For punitive damages pursuant to Civil Code §3294;

4.     For attorneys' fees;

5.     For costs of suit herein incurred;

6.     For an accounting;

7.     That the amounts wrongfully obtained from Plaintiff be held in trust for him, or other appropriate relief;

8.     For a declaration of the rights between the parties as alleged herein;

9.     That Defendants, and each of them, be required to account for all payments and/or benefits already received from Plaintiff and to make restitution for any payments and/or benefits found to be inappropriate;

10.    For any other relief the court deems just and proper.

Dated: April 15, 2013                    THE LAW OFFICES OF JAMES G. SCHWARTZ
                                         A Professional Corporation

                                         _____
                                         James G. Schwartz, Esq.
                                         Attorneys for PLAINTIFF MICHAEL DIVINCENT

COMPLAINT                                                                        16.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James G. Schwartz, Joshua D. Brysk , Stephen L. Moses (State Bar # 069371, 184200, 196030) <br> Law Offices of James G. Schwartz <br> 7901 Stoneridge Drive, #401, Pleasanton, CA 94588 <br> TELEPHONE NO.: (925) 463-1073  FAX NO.: (925) 463-2937 <br> ATTORNEY FOR (Name): Plaintiff, Michael Divincent | **FILED** <br> 2013 APR 18 A 1: 34 <br> K. TORRE, CLERK OF THE SUPERIOR COURT <br> COURT OF CONTRA COSTA, CALIF. <br> BY: _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Martinez

CASE NAME:
Michael Divincent v Robert Divicent, an individual; Dean Divincent, an individual, et al.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: C 13 00844 |
|---|---|---|---|
| [X] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action (specify): 18
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)  By Fax

Date: April 15, 2013

James G. Schwartz/Joshua D. Brysk/Stephen L. Moses
(TYPE OR PRINT NAME)  ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

### *Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

SUPERIOR COURT - MA...INEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

DIVINCENT VS. DIVINCENT

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC13-00844

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  10/07/13        DEPT:  31        TIME:    9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                              SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:   04/18/13        _____
                              D. WEBER, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED.  The packet you have been served should contain :

    a.    The Summons
    b.    The Complaint
    c.    The Notice of Case Management (shows hearing date and time)
    d.    Blank: Case Management Statement (Judicial Council Form CM-110)
    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference
        90 Days (Local Court Form CV-655b)
    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c)

---

 **WHAT DO I DO NOW?**

You must:

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management  Statement  (CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days, if the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court on the date and time given in the** *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees.  Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at:
www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*

2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*

3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*

4. Motion to Quash Service of Summons *(you were not legally served);*

5. Motion to Stay *(put the case on hold);* or

6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (925) 825-5700
- Bay Area Legal Aid:   (800) 551-5554
- Contra Costa County Law Library     Martinez: (925) 646- 2783     Richmond: (510) 374-3019
- Ask the Law Librarian:     www.247ref.org/portal/access_law3.cfm