IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DIVINCENT,

    Plaintiff,

  v.

ROBERT DIVINCENT, et al.,

    Defendants.

NO. C13-3360 TEH

ORDER GRANTING LEAVE TO AMEND AND DENYING MOTION TO REMAND WITHOUT PREJUDICE

  This matter is currently before the Court on four motions: a motion for leave to amend and remand filed by Plaintiff Michael DiVincent; a motion to compel arbitration or to dismiss filed by the E*Trade Defendants; and motions to dismiss and strike filed by Defendant David P. Gardner and the DiVincent Defendants. On August 26, 2013, the Court vacated the briefing and hearing schedules on all of Defendants' motions so that it could first determine whether this matter should be remanded. The Court further ordered Defendants to address in their oppositions to Plaintiff's motion whether Plaintiff has the right to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) and whether federal jurisdiction over the amended complaint would be proper.

  Defendant Gardner did not file an opposition to Plaintiff's motion. Nor did he file a statement of non-opposition, in violation of Civil Local Rule 7-3(b).

  The DiVincent Defendants argued that more than 21 days have passed since the filing of the first motion to dismiss on August 2, 2013, and that Plaintiff therefore no longer has the right to amend his complaint under Rule 15(a)(1)(B). *See* Fed. R. Civ. P. 15(a)(1)(B), ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

whichever is earlier."). They further stated that they had no opposition to remanding the entire action if the Court determined that Plaintiff's claims against the E*Trade Defendants did not raise a federal question.

The E*Trade Defendants argued that Plaintiff's proposed amended complaint continues to raise federal questions but that, in any event, a remand motion based on the proposed amended complaint was premature because the Court had yet to grant leave to amend. They asserted that "[t]he Court should deny remand on that basis alone, so that the parties may properly consider and brief the Amended Complaint once it is at issue." E*Trade Defs.' Opp'n at 13.

The first motion to dismiss was filed on August 2, 2013, and Plaintiff filed his motion for leave to amend and remand on August 15, 2013, well within the 21-day period for amendment as of right under Rule 15(a)(1)(B). It appears that Plaintiff's counsel was unaware of Plaintiff's right to amend the complaint once as a matter of course, and the Court therefore GRANTS Plaintiff leave to file an amended complaint. The Court also agrees with the E*Trade Defendants that the amended complaint should be filed before the Court considers whether, in light of the amended complaint, this case should be remanded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file an amended complaint on or before **October 21, 2013**. Prior to filing the amended complaint, Plaintiff shall confer with all Defendants to attempt to avoid unnecessary motion practice over the sufficiency of the allegations and whether they raise federal questions. Failure to file a timely amended complaint will result in dismissal of this case without prejudice.

2. If the parties can agree that the amended complaint should be remanded to state court, then they shall file an appropriate stipulation and proposed order on or before **October 28, 2013**. If they cannot agree, then Plaintiff shall file a motion to remand by the same date. The Court reiterates that it is not inclined to maintain jurisdiction over a case that includes no federal questions even if removal were initially proper based on the original complaint.

2

3. Defendants' pending motions are VACATED as moot given the Court's granting of leave to file an amended complaint.

4. The time to respond to the amended complaint shall be extended until after the Court has determined whether this matter should be remanded. If the Court denies remand, the deadline for responsive pleadings will be fourteen days after filing of the Court's order denying remand.

5. The October 28, 2013 case management conference is VACATED.

**IT IS SO ORDERED.**

Dated: 09/24/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT