IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DIVINCENT,

                Plaintiff,

v.

ROBERT DIVINCENT, et al.,

                Defendants.

No. C13-3360 TEH

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

       This matter comes before the Court on Plaintiff's motion to remand. Pursuant to Civil Local Rule 7-1(b), the Court finds oral argument unnecessary and now VACATES the December 9, 2013 hearing. After carefully considering the parties' written arguments, Plaintiff's motion to remand is GRANTED for the reasons discussed below.

**BACKGROUND**

       On July 18, 2013, Defendants E-Trade Brokerage Services Inc., E-Trade Financial Corporation, Inc., and E-Trade Financial Corporate Services, Inc., (collectively, "E-Trade") removed this case from the Superior Court of California for the County of Contra Costa. Defendants then moved to dismiss the case. On August 15, 2013, Plaintiff Michael DiVincent moved for leave to amend his complaint and to remand the case back to state court.

       The Court granted Plaintiff leave to amend because his motion was within the 21-day period for amendment as of right under Federal Rule of Civil Procedure 15(a)(1)(B). Sep. 24, 2013 Order at 2. The Court also required the parties to confer on the remand issue, and noted that it was "not inclined to maintain jurisdiction over a case that includes

no federal questions even if removal were initially proper based on the original complaint." *Id.*

Plaintiff timely filed his First Amended Complaint ("FAC"), which references no federal statutes or regulations, and states no federal causes of action. After the parties failed to reach an agreement on whether remand was appropriate, Plaintiff moved to remand. Defendants Dean DiVincent, Robert DiVincent, and David Gardner submitted statements of non-opposition. E-Trade, however, opposes the motion and requests that the Court instead stay all proceedings with respect to E-Trade, and compel arbitration.

**DISCUSSION**

Upon removal of a case to federal court, a district court has discretion to remand a case once federal claims are eliminated. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). In determining whether to remand, "the balance of factors to be considered" are "judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). A court may also consider "whether the plaintiff has engaged in any manipulative tactics" in order to inappropriately secure a particular forum. *Id.* The Supreme Court has noted that when all federal claims are eliminated early on, a district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 350-51.

Here, the first four factors are either neutral or tip slightly in favor of remand. The Court has yet to delve into the merits of Plaintiff's complaint; thus, there would be no duplication of efforts or resulting waste of judicial resources in remanding this action back to state court. As neither the Contra Costa Superior Court nor this Court appear more convenient to the parties, the Court finds the convenience factor neutral, along with fairness – which no party has argued weighs in their favor. With respect to comity, the FAC includes only state law causes of action and makes no mention of federal law. Comity thus supports remand.

1    E-Trade's primary argument is that Plaintiff's elimination of all references to
2 federal law in the FAC was manipulative, and done "precisely to avoid arbitration," as
3 demanded by the parties' agreement. E-Trade Opp. at 1-2. The Court disagrees, finding
4 that a plaintiff's decision of where to file suit is a legitimate strategic decision. Faced with
5 removal, a plaintiff has the choice whether to retain federal claims or pursue his state
6 forum of choice. *Baddie v. Berkeley Farms Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Here,
7 Plaintiff chose to pursue his action in state court, and eliminated all references to federal
8 law. "There [is] nothing manipulative about that straight-forward tactical decision." *Id.*
9 As Plaintiff is the "master of the complaint," he may "avoid federal jurisdiction by
10 exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
11 The Court does not consider Plaintiff's actions an effort at manipulative forum shopping.

12    Finally, although E-Trade argues that remand would contravene a Ninth Circuit
13 mandate to ensure that private arbitrations are enforced, an order remanding this case in no
14 way prevents E-Trade from pursuing arbitration in state court. This Court has yet to rule
15 on the arbitration issue, therefore parties would not have to "re-litigate the exact same
16 issues" again, as E-Trade argues – rather they would be litigating them for the first time,
17 but in state court rather than before this Court.

## CONCLUSION

With good cause appearing, the Court exercises its discretion and GRANTS Plaintiff's motion to remand. This matter is hereby remanded to the Superior Court of California for the County of Contra Costa. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   12/02/13          _____
                          THELTON E. HENDERSON, JUDGE
                          UNITED STATES DISTRICT COURT

3